**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION**

| | |
|---|---|
| JESSICA M. SCHMIT,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER CREDIT RECOVERY, INC,<br><br>Defendant. | **Civil Action No. 4:20-cv-00015**<br><br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Jessica M. Schmit, and for her Complaint against the Defendant, Pioneer Credit Recovery, Inc., states as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant Pioneer Credit Recovery, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. This action for damages is also brought by an individual consumer against Defendant Pioneer Credit Recovery, Inc. for violations of the Iowa Debt Collections Practices Act Iowa Code § 537.7103 (hereinafter "IDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331. The Court further has jurisdiction over state law claims (IDCPA) pursuant to 28 U.S.C. § 1367(a), as the claims arise from a common nucleus of operative fact.

4. Venue in this District is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Iowa.

### III.     PARTIES

5. Plaintiff, Jessica M. Schmit (herein after "Schmit"), is a natural person residing in Polk County, Iowa and is a "consumer" as that term is defined by Iowa Code § 537.1301(11) and 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined in Iowa Code § 537.7102(6).

6. Defendant, Pioneer Credit Recovery, Inc. (hereinafter "Pioneer"), registered agent is Corporation Service Company at 505 5th Ave., Suite 729, Des Moines, IA 50309.

7. Pioneer is a "debt collector" as defined by Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6).

### IV.     FACTUAL ALLEGATIONS

8. On or about January 27, 2012, an unknown individual, not Plaintiff Schmit, enrolled in Des Moines Area Community College (DMACC) at the Ankeny, Iowa campus for the Spring 2012 semester. The individual fraudulently identified herself to be Plaintiff Schmit.

9. On January 27, 2012, said unknown individual, not Plaintiff Schmit, applied for one or more federal student loans using Plaintiff Schmit's social security number and additional personal information. Said individual successfully obtained a federal loan disbursement under Plaintiff Schmit's name despite significant information being incorrect on the loan application. The incorrect personal information on the application included Plaintiff Schmit's email, personal address, birthdate, marital status, and a personal reference unknown to Plaintiff Schmit.

10. On or about April 15, 2013, Plaintiff Schmit became aware of the aforementioned fraudulent activity when she received a letter from DMACC informing her that her Iowa

income tax refund was being held due to a debt owed to DMACC from the Spring 2012 semester. The letter informed Plaintiff Schmit of her right to contest the offset.

11. Shortly after April 15, 2013, Plaintiff Schmit contested the offset directly with DMACC.

12. On or about July 13, 2013, DMACC issued a refund to Plaintiff Schmit after determining an individual had fraudulently appropriated Plaintiff Schmit's identity when enrolling for the Spring 2012 semester.

13. On July 29, 2013, Plaintiff Schmit filed a police report with the Waukee (Iowa) Police Department for identify theft.

14. Sometime before October 18, 2016, upon learning about the fraudulent student loans, Plaintiff Schmit disputed said fraudulent federal loans and sought a loan discharge with the U.S. Department of Education.

15. On or about October 18, 2016, the U.S. Department of Education mailed Plaintiff Schmit a letter seeking further documentation related to the loan discharge process. Plaintiff Schmit subsequently provided he requested documentation in a response to the U.S. Department of Education's letter.

16. On or about March 3, 2017, Plaintiff Schmit mailed the U.S. Department of Education a letter outlining the facts of her identity theft for the purposes of disputing the student loans that had been taken out under her name. The letter included facts relating to DMACC's finding of fraud and, as requested, signature samples.

17. Sometime before May 22, 2017, the Internal Revenue Services (IRS) attempted to offset the fraudulent student loans, then in default, with Plaintiff Schmit's federal tax returns. Plaintiff Schmit subsequently provided documentation supporting the finding of identity theft.

18. On or about May 22, 2017, the IRS mailed Plaintiff Schmit a verification that documents provided to the IRS supported a previously-filed identity theft report.

19. On or about November 2, 2018, Defendant Pioneer began to attempt to collect for said student loan from Plaintiff Schmit. Defendant Pioneer mailed a collection letter to Plaintiff Schmit and identified itself as the creditor and outlined steps to establish a repayment plan.

20. On or about January 30, 2019, Plaintiff Schmit received a Notice of Proposed Wage Garnishment. Said letter identified Defendant Pioneer as the party in which Plaintiff Schmit was to make payment arrangements.

21. On or about February 27, 2019, Plaintiff Schmit informed Defendant Pioneer, in writing, that she did not enroll at DMACC in 2012, did not apply for student loans on January 27, 2012, and did not receive any student loan distributions. The letter further identified facts relating to the identity theft, income tax offsets, and DMACC's determination that the Spring 2012 enrollment was fraudulent.

22. On March 18, 2019, Plaintiff Schmit provided Defendant Pioner, in writing, a comprehensive packet of documentation to demonstrate the inconsistency of her signature versus that which was used on the loan application. Enclosed in said packet were five separate documents with signatures that predated the signature used on the student loans.

23. Based on information and belief, Defendant Pioneer did not investigate or adequately investigate Plaintiff Schmit's statements regarding the student loan(s) which Defendant Pioneer was attempting to collect.

24. On or about November 7, 2019, Plaintiff Schmit received a Final Notice of Garnishment.

25. On or about November 14, 2019, Plaintiff Schmit's employer was served with a Wage Garnishment Order. The title of action was listed as Pioneer Credit Recovery, Inc. v. Jessica M. Schmit. Said Wage Garnishment Order identified Defendant Pioneer as the creditor agency and identified the amount due as $2,013.26.

26. Plaintiff Schmit is presently being garnished by Defendant Pioneer.

27. Plaintiff Schmit has suffered damages including, but not limited to, monetary damages, emotional distress, and significant loss of time in trying to remedy Defendant Pioneer's actions.

## VI.     CAUSES OF ACTION

### A. PLAINTIFF, JESSICA SCHMIT'S, FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

28. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Pioneer, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.:

    A. 1692e(2)(A) Pioneer falsely represented the character, amount, or legal status of a debt;

    B. 1692e(5) Pioneer's threat of action cannot legally be taken;

    C. 1692e(10) Pioneer's use of false representations in attempting to collect a debt;

    D. 1692f Pioneer's unconscionable means to attempt to collect a debt;

      E. 1692f(1) Pioneer's attempt to collect the aforementioned amount is not permitted by any agreement or law.

30. As a result of each and every violation by Defendant Pioneer of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 for the benefit of the Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants herein.

**WHEREFORE,** Plaintiff Jessica Schmit prays that judgment be entered against Defendant Pioneer as follows:

    A. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Pioneer;

    B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant Pioneer;

    C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Pioneer;

    D. For injunctive relief; and

    E. For such other and further relief as may be just and proper.

### B. PLAINTIFF, JESSICA SCHMIT'S, SECOND CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7103

31. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

32. Defendant Pioneer, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the IDCPA, Iowa Code § 537.7103 et. seq.:

    A. 537.7103(1)(f) Pioneer took an action prohibited by this chapter or any other law;

    B. 537.7103(4)(e) Pioneer misrepresented the character, extent or amount of a debt, or of its status in a legal proceeding.

33. As a result of each and every violation by Defendant Pioneer of the IDCPA, Plaintiff is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(a)(25); statutory damages in an amount between $100 and $1,000.00 for the benefit of the Plaintiff pursuant to Iowa Code § 537.5201(1)(a)(25); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Defendants herein.

**WHEREFORE,** Plaintiff Jessica Schmit prays that judgment be entered against Defendant Pioneer as follows:

A. For an award of actual damages for Defendant Pioneer's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(a)(25);

B. For an award of statutory damages of $1000.00 for Defendant Pioneer's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(a)(25);

C. For an award of the costs of this action and reasonable attorney fees for Defendant Pioneer's violations of the IDCPA pursuant to Iowa Code § 537.5201(8);

D. For injunctive relief; and

E. For such other and further relief as may be just and proper.

### VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

        MARKS LAW FIRM, P.C.

        /s/ Samuel Z. Marks
        Samuel Z. Marks
        Attorney I.D. # IS9998821
        4225 University Avenue
        Des Moines, Iowa 50311
        (515) 276-7211
        FAX (515)276-6280
        EMAIL sam@markslawdm.com
              office@markslawdm.com
        ATTORNEY FOR PLAINTIFF
        JESSICA SCHMIT